<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN V. GELBER,** | Civil Action No. 2:14-cv-6768 (JLL) (JAD) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **LAURA KIRSCH, KIRSCH & KIRSCH LLP. RICHARD E. SALKIN, ESQ., AND JOHN DOES 1-10 (being persons and entities whose true identities are unknown),** | |
| **Defendants.** | |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon motion (ECF No. 3) by plaintiff Steven V. Gelber ("Plaintiff") to remand this action to the Superior Court of the State of New Jersey, Passaic Vicinage, pursuant to 28 <u>U.S.C.</u> § 1447 (the "Motion to Remand"). The Motion to Remand was referred to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's motion to remand be **DENIED.**

### I.    <u>REMOVAL FROM STATE COURT.</u>

On September 11, 2014, Plaintiff, Steven V. Gelber filed the instant lawsuit in New Jersey Superior Court, Law Division, Bergen County, seeking compensatory and punitive damages, as

well as costs and attorney's fees stemming from a lawsuit brought by Defendants, Laura Kirsch, Esq., Kirsch & Kirsch LLP, and Richard E. Salkin ("Defendants") against the Plaintiff, which Plaintiff alleges "was calculated and designed to intimidate Plaintiff . . . and chill his constitutionally protected right to speak out on matters of public concern and to petition the government and make known his grievances." (Complaint, ECF No. 1-1). On October 21, 2014 the action was transferred from the Superior Court Law Division, Bergen County, to the Superior Law Division, Passaic County because Defendant Salkin's daughter is an employee working at the Bergen County Courthouse, and a companion case, <u>Salkin v. Gelber</u>, Docket No. BER-L-5480-12 has already been transferred to Passaic County. (October 21, 2014 Order, ECF No. 1-3).

On October 29, 2014 Defendants removed the matter to this Court, asserting that removal is warranted under 28 U.S.C. § 1441(a) and 28 U.S.C. §1441(b) because Plaintiff's allegations arise under the "laws of the United States," over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). Specifically, Defendants point to the First Count of the Complaint that purports to allege claims under the First Amendment of the United States Constitution, and the Second Count of the Complaint that purports to allege claims under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. Section 1983. (<u>Id.</u>)

On or about November 18, 2014, Plaintiff filed a motion to remand this action to the Superior Court of the State of New Jersey, Passaic Vicinage, pursuant to 28 U.S.C. § 1447. (Motion to Remand, ECF No. 3). In Plaintiff's November 18, 2014 letter brief in support of his motion to remand, Plaintiff contends that removal was improper and that this matter must instead be remanded to State Court. (Pl. Br., ECF No. 3-3). Specifically, Plaintiff argues that there was a defect in the removal process because, "Defendants failed to file their notice of removal within 30 days of receipt of the Summons and Complaint in conformance with 28 U.S.C. § 1446." (<u>Id.</u>)

Plaintiff contends that the 30 day time period in which to file a notice of removal commenced on September 22, 2014, when Defendants Laura Kirsch, Esq. and Kirsch & Kirsch LLP were provided with the Summons and Complaint. (Id.) As such, Plaintiff reasons that Defendants' notice of removal was untimely because it was filed more than 30 days later, on October 29, 2014. (Id.) In addition to its request that the Court remand the action, the Plaintiff also requests that the Court award attorneys' fees incurred as a result of the allegedly improper removal. (Id.)

On or about December 01, 2014, Defendants filed an opposition to Plaintiff's motion to remand. (Defs'. Opp'n., ECF No. 6). In their opposition, Defendants contend that their removal petition was timely filed because the 30-days in which to remove an action begins to run when the Defendants are formally served with the summons and complaint. (Id.) Defendants cite the United States Supreme Court decision in Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) to support their position that "the time for removal begins to run when the state court establishes jurisdiction over the defendant." Accordingly, based on this reasoning, Defendants argue the 30-day removal period commenced when Plaintiff effected service on Mr. Salkin on September 30, 2014, and on Ms. Kirsch and Kirsch & Kirsch LLP on October 1, 2014. (Id.) Unlike Plaintiff, Defendants contend that the 30-day removal period did not begin to run on September, 22, 2014, when Plaintiff sent a copy of the complaint and summons to Ms. Kirsch by regular, mail, email, and fax because Ms. Kirsch did not accept service at that time. (Id.) As a result, Defendants maintain that the removal petition was timely filed on October 30, 2014 because it was within 30 days from the date on which the Defendants were served. (Id.) In addition to maintaining that removal was appropriate, Defendants urge the Court not to award attorneys' fees to Plaintiff because they have a good faith argument for removal that is supported by case law and the clear language of 28 U.S.C. 1446. (Id.)

3

On or about December 08, 2014, Plaintiff filed a reply brief in further support of its motion to remand. (Pl. Rep. Br., ECF No. 7). Plaintiff contends that Defendants' interpretation of Murphy Bros. is inaccurate. (Id. at 4). Rather, Plaintiff asserts, "[T]here is no question that Murphy Bros. stands solidly for the proposition that the removal period begins with receipt of the Summons and Complaint by the defendants or their attorney and not any formal and technical adherence to whether proper service has been effectuated." (Id. at 5). As such, Plaintiff maintains that in the instant matter, the time for seeking removal began to run when the Plaintiff's Complaint was sent to Ms. Kirsch on September 22, 2014, and not when she and her firm were formally served with the Complaint and Summons on October 1, 2014. (Id. at 6). Therefore, Plaintiff contends that removal was untimely and that Defendants should bear responsibility for Plaintiff's costs and fees incurred as a result of this remand motion. (Id. at 7).

## II.     LEGAL STANDARD – REMOVAL AND REMAND.

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and this time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

section 1446(a)." 28 U.S.C. § 1447(c).  Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).

The party seeking removal bears the burden of demonstrating that removal is proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

## III.    ANALYSIS.

Upon review of the relevant case law in this District, the Court agrees with the Defendants, that removal in the instant matter was timely under Section 1446(a).  In its decision in Oxford Realty Group, LLC v. Axis Reinsurance Co., this Court interpreted the Supreme Court holding in Murphy Bros. to unequivocally stand for the proposition that "mere receipt of a complaint, unattended by formal service, is insufficient to trigger the thirty-day time period within which a defendant may remove." Oxford Realty Grp., LLC v. Axis Reinsurance Co., CIV-A No. 08CV6303 (WJM), 2009 WL 1324028, at *2 (D.N.J. May 12, 2009); see also, Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 341 (D.N.J. 2001) (finding only once plaintiff has rendered proper service is defending party obliged to take action).  As such, in Oxford Realty Group, LLC v. Axis Reinsurance Co., the Court found that time period for removal was triggered by formal service upon the Defendant, and not by the mere receipt of the Complaint.  Accordingly, based on the foregoing, this Court finds that in the instant matter, the 30-days in which to remove commenced when Plaintiff effected service on Mr. Salkin on September 30, 2014, and on Ms.

5

Kirsch and Kirsch & Kirsch LLP on October 1, 2014.   Consequently, Defendants notice of removal, filed on October 29, 2014 was timely.   Therefore, Plaintiff's motion to remand and for attorney's fees and costs should be **denied**.

## IV.   CONCLUSION.

It is the recommendation of this Court that Plaintiff's motion to remand (ECF No. 3) and request for attorney's fees and costs be **DENIED**.

_____   12/17/14
JOSEPH A. DICKSON, U.S.M.J.

cc.      Honorable Jose L. Linares, U.S.D.J.

6