LAW OFFICE OF DONALD F. BURKE
45 GALE ROAD
BRICK, NEW JERSEY  08723
TEL: (732) 966-4922
ATTORNEYS FOR PLAINTIFF
STEVEN V. GELBER

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN V. GELBER,<br><br>                                Plaintiff,<br><br>v.<br><br>LAURA KIRSCH, ESQ., KIRSCH & KIRSCH LLP, RICHARD E. SALKIN, ESQ. and JOHN DOES 1-10 (being persons and entities whose true identities are unknown),<br><br>                                Defendants. | CIVIL ACTION NO.: 14-6768 (JLL-JAD)<br><br>Oral Argument Requested |

_____

BRIEF IN REPLY TO LETTER BRIEF SUBMITTED ON BEHALF OF DEFENDANTS LAURA KIRSCH, ESQ. AND KIRSCH & KIRSCH LLP IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF NEW JERSEY
_____


DONALD F. BURKE, ESQ.
DONALD F. BURKE JR., ESQ.
ON THE BRIEF

LAW OFFICE OF DONALD F. BURKE
45 GALE ROAD
BRICK, NEW JERSEY  08723
TEL: (732) 966-4922
ATTORNEYS FOR PLAINTIFF
STEVEN V. GELBER

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................ii

LEGAL ARGUMENT ............................................................................................................ 1

CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**          Page(s)

*Advanced Surgery Center v. Connecticut General Life. Ins. Co.*, Civ. No. 12-2715 (D.N.J. July 31, 2012) ............................................................................................................................. 1, 2

*Dandrea v. Malsbary Mfg. Co.*, 839 F.2d 163 (3d Cir. 1988) ....................................................... 4

*Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554 (D.N.J. 2009) ............................................. 1, 2, 4

*In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109 (D. Mass. 2006) 3, 4

*In re Spirco, Inc.*, 201 B.R. 744 (Bankr. W.D. Pa. 1996); *rev'd o.g.,* 221 B.R. 361 (W.D. Pa. 1998), *aff'd sub nom. Copelin v. Spirco, Inc.,* 182 F.3d 174 (3d Cir. 1999) ........................... 4

*MacDonald v. Twp. of Wall Police Dep't*, Civ. No. 11-1598 (D.N.J. May 4, 2011) ....... 1, 3, 4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ............................... 2, 3

*Reckling v. Okechuku*, Civ. No. 07-1699 (D.N.J. Aug. 27, 2007) ......................................... 4

*Samuel–Basset v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004) ............................... 2, 3

*Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006 (3d Cir. 1987) ............... 2

*United States v. Bosurgi*, 343 F. Supp. 815 (S.D.N.Y. 1972) ................................................. 5

**RULES**

N.J. Court R. 4:4-4(c) ............................................................................................................ 1, 5

N.J. Court R. 4:4-5(b) ................................................................................................................ 2

**OTHER AUTHORITIES**

7A C.J.S. *Attorney and Client* § 196 (2002) ............................................................................ 5

## LEGAL ARGUMENT

The facts are not disputed. As to the applicable law, defendants Kirsch & Kirsch LLP and Laura Kirsch, Esq. argue that "the position urged by plaintiff is contrary to the overwhelming weight of authority" claiming the issue before this Court was "extensively analyzed and rejected in *Advanced Surgery Center v. Connecticut General Life, Ins. Co.,* 2012 WL 3598815 (D.N.J. July 31, 2012) and the cases cited therein." (*See* Letter Brief of Defendants at page 7, ECF Document 14, Filed 01/16/15).

*Advanced Surgery Center*, however, did not deal with New Jersey Court Rule 4:4-4(c) as *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554 (D.N.J. 2009) and *MacDonald v. Twp. of Wall Police Dep't*, Civ. No. 11-1598 (D.N.J. May 4, 2011) did. Thus, defendants' reliance on *Advanced Surgery Center* to rebut the holding of *Granovsky* where the Court, in deciding a motion to remand and determining timeliness of removal, concluded that 30-day removal period began to run when defendant received summons and complaint by certified mail pursuant to New Jersey Court Rule 4:4-4(c) is entirely misplaced. The Court in *Granovsky* thoroughly reviewed the language and history of New Jersey Court Rule 4:4-4(c) and concluded: "what is required to begin the 30 day removal countdown is the simultaneous receipt of the summons and complaint by a defendant. . . .  The Supreme Court in *Murphy Brothers* did not disturb this conclusion." *Granovsk*y, 631 F. Supp. 2d at 562. The Court in *Granovsky* further noted

1

that "[a]pplying this requirement to R. 4:4-4(c) . . . the receipt of the complaint and summons . . . established 'formal' service required by *Murphy Brothers*." *Id.*

In *Advanced Surgery Center*, the court determined that service upon defendant Connecticut General Life Insurance Company, a non-resident corporation, by personal service in Bloomfield, Connecticut "was defective" because of plaintiff's "failure to file an affidavit of diligent inquiry" pursuant to R. 4:4-5(b), something the court found "deprives a court of jurisdiction." *Id.* (*See* ECF Document 6-9, filed 12-1-14, page 13 of 21). Nothing in *Advanced Surgery Center* contradicts *Granovsky*. Indeed, *Advanced Surgery Center,* being an unpublished opinion, could not rebut the District Court's opinion in *Granovsky.*

As set forth in the Brief in Support of Plaintiff Steven V. Gelber's Objections to the Ruling and Recommendation of Honorable Joseph A. Dickson, U.S.M.J. to Deny Plaintiff's Motion to Remand to the Superior Court of New Jersey, we must begin with the proposition that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). As the party invoking federal subject matter jurisdiction, a removing party bears the burden of proving that jurisdiction exists. *Samuel–Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

2

Defendants do not address *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 121 (D. Mass. 2006), where the District of Massachusetts, analyzing the identical issue before this Court stated:

> At its core, Rule 4:4–4(c) appears designed to ensure that, before judgment is entered against a defendant, the defendant actually has notice of the suit and the opportunity to defend against it. *See Signs by Tomorrow–USA, Inc. v. G.W. Engel Co.,* Civ. No. 05–4353, 2006 WL 2224416, at *4–5 (D.N.J. Aug. 1, 2006) (refusing to enter default judgment against a party that was served by mail but never appeared or responded). Mail service, then, is an acceptable alternative to personal service, provided that the court can satisfy itself that the mail was received. An appearance or other response provides that satisfaction.

Defendants similarly fail to address the acceptance of this rationale by the Court in *Macdonald* which stated:

> [T]here [was] no concern that the mailed service was never received. And thus the Defendants should not benefit from a rule designed for that situation. Here, the Defendants were on notice of the lawsuit when, as described in *Murphy Brothers,* they were served with a copy of the summons and the complaint. Nothing about that service was defective—that is, nothing prevented the Defendants from knowing about the lawsuit or otherwise prejudiced their defense. Consequently, we find that the service by mail on February 9 and 14 satisfied *Murphy Brothers'* requirement of "formal service" and thereby triggered the thirty-day clock for removal. Defendants' notice of removal filed on March 22 was therefore out of time, and we will remand the suit to the New Jersey state court where it was originally filed.

*MacDonald*, Civ. No. 11-1598 at *7.

The defendants' contention that receipt of the Summons and Complaint by

3

Kirsch & Kirsch on September 22, 2014 'does not trigger the 30 day right to removal would ignore the holdings and rationale of *Granovsky*, *Macdonald* and *In re Pharm. Indus. Average Wholesale Price Litig.*. Laura Kirsch, Esq. and Kirsch & Kirsch were Salkin's attorneys and filed the removal petition on behalf of all defendants, including Salkin.

The Third Circuit has held that "[s]ervice upon an attorney is not effective unless the attorney had either express or implied authority to receive service on his client's behalf." *Dandrea v. Malsbary Mfg. Co.,* 839 F.2d 163, 170 (3d Cir. 1988) (Hutchinson, J., dissenting). Courts have nearly always found attorneys to be implied agents in circumstances such as this. *See Reckling v. Okechuku*, Civ. No. 07-1699 (D.N.J. Aug. 27, 2007), at *14 (holding that an attorney was an implied agent for service of process where the attorney "had and was representing [the client] in another proceeding virtually identical to the instant underlying adversary proceeding"); *In re Spirco, Inc.*, 201 B.R. 744, 751 (Bankr. W.D. Pa. 1996); *rev'd o.g.,* 221 B.R. 361 (W.D. Pa. 1998), *aff'd sub nom. Copelin v. Spirco, Inc.,* 182 F.3d 174 (3d Cir. 1999) (approving service on an attorney who had represented a creditor in obtaining a state court judgment against a debtor and also represented the creditor in a removal action); *United States v. Bosurgi,* 343 F. Supp. 815, 818 (S.D.N.Y. 1972) (concluding that an attorney was "impliedly authorized" to receive service of process in suit filed by an adverse party that was related to the suit the defendant's attorney was retained to file); 7A C.J.S. *Attorney and Client* § 196 (2002) ("[a]n attorney retained to bring a suit may be

4

impliedly authorized to receive service of process in a related suit" involving similar issues).

Here, the suit is not only related to but arises out of a suit filed by Laura Kirsch, Esq. and Kirsch & Kirsch on behalf of Richard Salkin against Steven V. Gelber. The instant suit—filed Mr. Gelber against Mr. Salkin, Laura Kirsch, Esq. and Kirsch & Kirsch—essentially arises out of the same set of operative facts. The only difference being the termination of the suit Kirsch & Kirsch filed on behalf of Salkin in favor of Gelber. Thus, the matters are clearly related and Ms. Kirsch and Kirsch & Kirsch were, by law, impliedly authorized to accept service on behalf of Mr. Gelber. Kirsch & Kirsch decided to "ignore" the Summons and Complaint received on September 22, 2014. As the Court stated in *MacDonald*, however, "[n]othing about that service was defective—that is, nothing prevented the Defendants from knowing about the lawsuit or otherwise prejudiced their defense," *MacDonald*, Civ. No. 11-1598 at *7, The same can be said here.

Plaintiff respectfully submits, therefore, that the removal period began in the instant matter with receipt by Kirsch & Kirsch of the Summons and Complaint pursuant to New Jersey Court Rule 4:4-4(c) on September 22, 2014 and the failure to file the removal petition within 30 days thereof as required by 28 U.S.C. Section 1446(b)(1) deprives the United State District Court of jurisdiction and requires remand.

## CONCLUSION

For the reasons set forth above and in his briefs previously submitted, plaintiff respectfully requests this matter be remanded to State Court.

                                  Respectfully submitted,

                                  s/ Donald F. Burke

                                  Donald F. Burke, Esq.

Dated January 30, 2015