**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN V. GELBER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LAURA KIRSCH, KIRSCH & KIRSCH LLP. RICHARD E. SALKIN, ESQ., AND JOHN DOES 1-10 (being persons and entities whose true identities are unknown),**<br><br>**Defendants.** | **Civil Action No. 2:14-cv-6768 (JLL) (JAD)**<br><br>**SUA SPONTE RECONSIDERATION OF REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court's sua sponte reconsideration[1] of the undersigned's December 17, 2014 Report and Recommendation, (ECF No. 8), in connection with Plaintiff Steven V. Gelber's ("Plaintiff") motion to remand this action to the Superior Court of the State of New Jersey, Passaic Vicinage, pursuant to 28 U.S.C. § 1447 (the "Motion to Remand"). Upon

[1] Magistrate Judge has authority to vacate his initial recommendation and issue a revised version in response to objections filed by the party. See Winston & Strawn LLP v. F.D.I.C., 841 F. Supp. 2d 225, 229 (D.D.C. 2012) ("…any potential infirmity in the practice could be cured by the Court's return of the matter back to Magistrate Judge…for resubmission of the Revised Report and Recommendation pursuant to Fed.R.Civ.P. 72(b)(3) as an initial Report and Recommendation issued upon that re-referral—an exercise of form over substance that would be both unnecessary and contrary to the plaintiffs request for expedited disposition. The Court will proceed without requiring such a redundant step."); see also Chase Manhattan Bank v. Iridium Africa Corp., 294 F. Supp. 2d 634, 637 (D. Del. 2003)(concluding that it was within the Magistrate Judge's discretion to reconsider her own rulings).

consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's motion to remand be **DENIED**.

## I.  REMOVAL FROM STATE COURT.

The December 17, 2014 Report and Recommendation, (ECF No. 8), contains a detailed explanation of the factual background of this case, and the Court incorporates the factual background as set out in the December 17, 2014 Report and Recommendation:

> Plaintiff, Steven V. Gelber filed the instant lawsuit in New Jersey Superior Court, Law Division, Bergen County, seeking compensatory and punitive damages, as well as costs and attorney's fees stemming from a lawsuit brought by Defendants, Laura Kirsch, Esq., Kirsch & Kirsch LLP, and Richard E. Salkin ("Defendants") against the Plaintiff, which Plaintiff alleges "was calculated and designed to intimidate Plaintiff . . . and chill his constitutionally protected right to speak out on matters of public concern and to petition the government and make known his grievances." (Complaint, ECF No. 1-1). On October 21, 2014 the action was transferred from the Superior Court Law Division, Bergen County, to the Superior Law Division, Passaic County because Defendant Salkin's daughter is an employee working at the Bergen County Courthouse, and a companion case, Salkin v. Gelber, Docket No. BER-L-5480-12 has already been transferred to Passaic County. (October 21, 2014 Order, ECF No. 1-3).
>
> On October 29, 2014 Defendants removed the matter to this Court, asserting that removal is warranted under 28 U.S.C. § 1441(a) and 28 U.S.C. §1441(b) because Plaintiff's allegations arise under the "laws of the United States," over

which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). Specifically, Defendants point to the First Count of the Complaint that purports to allege claims under the First Amendment of the United States Constitution, and the Second Count of the Complaint that purports to allege claims under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. Section 1983. (Id.)

On or about November 18, 2014, Plaintiff filed a motion to remand this action to the Superior Court of the State of New Jersey, Passaic Vicinage, pursuant to 28 U.S.C. § 1447. (Motion to Remand, ECF No. 3). In Plaintiff's November 18, 2014 letter brief in support of his motion to remand, Plaintiff contends that removal was improper and that this matter must instead be remanded to State Court. (Pl. Br., ECF No. 3-3). Specifically, Plaintiff argues that there was a defect in the removal process because, "Defendants failed to file their notice of removal within 30 days of receipt of the Summons and Complaint in conformance with 28 U.S.C. § 1446." (Id.) Plaintiff contends that the 30 day time period in which to file a notice of removal commenced on September 22, 2014, when Defendants Laura Kirsch, Esq. and Kirsch & Kirsch LLP were provided with the Summons and Complaint. (Id.) As such, Plaintiff reasons that Defendants' notice of removal was untimely because it was filed more than 30 days later, on October 29, 2014. (Id.) In addition to its request that the Court remand the action, the Plaintiff also requests that the Court award attorneys' fees incurred as a result of the allegedly improper removal. (Id.)

On or about December 01, 2014, Defendants filed an opposition to Plaintiff's motion to remand. (Defs'. Opp'n., ECF No. 6). In their opposition, Defendants contend that their removal petition was timely filed because the 30-days in which to remove an action begins to run when the Defendants are formally served with the summons and complaint. (Id.) Defendants cite the United States Supreme Court decision in Murphy Bros, Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) to support their position that "the time for removal begins to run when the state court establishes jurisdiction over the defendant." Accordingly, based on this reasoning, Defendants argue the 30-day removal period commenced when Plaintiff effected service on Mr. Salkin on September 30, 2014, and on Laura Kirsch and Kirsch & Kirsch LLP on October 1, 2014. (Id.) Unlike Plaintiff, Defendants contend that the 30-day removal period did not begin to run on September, 22, 2014, when Plaintiff sent a copy of the complaint and summons to Laura Kirsch by regular, mail, email, and fax because Laura Kirsch did not accept service at that time. (Id.) As a result, Defendants maintain that the removal petition was timely filed on October 29, 2014 because it was within 30 days from the date on which the Defendants were served. (Id.) In addition to maintaining that removal was appropriate, Defendants urge the Court not to award attorneys' fees to Plaintiff because they have a good faith argument for removal that is supported by case law and the clear language of 28 U.S.C. 1446. (Id.)

On or about December 08, 2014, Plaintiff filed a reply brief in further support of its motion to remand. (Pl. Rep. Br., ECF No. 7). Plaintiff contends that Defendants' interpretation of Murphy Bros. is inaccurate. (Id. at 4). Rather,

Plaintiff asserts, "[T]here is no question that Murphy Bros. stands solidly for the proposition that the removal period begins with receipt of the Summons and Complaint by the defendants or their attorney and not any formal and technical adherence to whether proper service has been effectuated." (Id. at 5). As such, Plaintiff maintains that in the instant matter, the time for seeking removal began to run when the Plaintiff's Complaint was sent to Laura Kirsch on September 22, 2014, and not when she and her firm were formally served with the Complaint and Summons on October 1, 2014. (Id. at 6). Therefore, Plaintiff contends that removal was untimely and that Defendants should bear responsibility for Plaintiff's costs and fees incurred as a result of this remand motion. (Id. at 7).

## II. OBJECTIONS TO REPORT AND RECOMMENDATION

The undersigned's December 17, 2014 Report and Recommendation, (ECF No. 8), concluded in pertinent part:

> … that in the instant matter, the 30-days in which to remove commenced when Plaintiff effected service on Mr. Salkin on September 30, 2014, and on Kirsch and Kirsch & Kirsch LLP on October 1, 2014. Consequently, Defendants notice for removal, filed on October 29, 2014 was timely. Therefore, Plaintiffs motion to remand and for attorney's fees and costs should be **denied**."

December 17, 2014 Report and Recommendation, (ECF No. 8 at 5-6).

On December 31, 2014, Plaintiff set forth his objections to the December 17, 2014 Report and Recommendation. (ECF No. 9-1). Plaintiff argues, "…it is clear that the facts in the instant case are decidedly different than the faxed 'courtesy copy' of the pleading the United States Supreme Court dealt with in Murphy Bros. and the "courtesy copy" of the Complaint the Court considered in Oxford Realty Group LLC v. Axis Reinsurance Co.,

Civ. No 08-6303 (D.N.J. April 9, 2009) a case relied upon the Ruling and Recommendation [sic]." (Id. at 10). Specifically, Plaintiff asserts that the September 22, 2014 letter was valid service under New Jersey Court Rule 4:4-4(c). (Id. at 7). As such, Plaintiff contends that remand is necessary because "the removal period began in the instant matter with receipt by Kirsch & Kirsch LLP of the Summons and Complaint through service on September 22, 2014 of the Summons and Complaint pursuant to New Jersey Court Rule 4:4-4(c)." (Id. at 11).

On January 16, 2015, Defendants Laura Kirsch and Kirsch & Kirsch filed a letter brief in opposition to Plaintiff's objections. (ECF No. 14). Defendants contend that Defendant Salkin was not served until September 30, 2014, and that under the so called "later-served defendant rule," the removal petition on behalf of all defendants was timely filed on October 29, 2014. (Id. at 3). Defendants emphasize that "there is no mention of Mr. Salkin" in the September 22, 2014 letter or the summons. (Id. at 4) Instead, Defendants point out that the letter was addressed only to Laura Kirsch and the Summons was addressed only to Laura Kirsch and Kirsch & Kirsch LLP. (Id.). Defendants also highlight the fact that the September 22, 2014 letter "only asks the attorney to accept service on behalf of herself and her law firm…" (Id. at 5). Therefore, Defendants contend, that Mr. Salkin's petition for removal was timely and the other Defendants properly joined in that filing. (Id. at 6).

Defendants also argue that Plaintiff's application of New Jersey Court Rule 4:4-4(c), results in an injustice because it ultimately forces defendants to respond to the complaint in fear of the 30-day removal clock running, and then, as a result, losing their opportunity to remove the action to Federal Court. (Id. at 2). Defendants thus urge the

Court that Plaintiff's position is "contrary to the overwhelming weight of authority and would allow an ingenious plaintiff to deprive a defendant of any opportunity to remove an action to federal court." (Id.).

On January 30, 2014, Plaintiff filed a brief in reply to Defendant's letter brief. (ECF No. 18). Plaintiff's reply asserts that the 30 day right to removal was triggered in this instance by the receipt of the Summons and Complaint by Kirsch & Kirsch on September 22, 2014, and that Defendants' position "ignore[s] the holdings and rationale of Granovsky, Macdonald and In re Pharm. Indus. Average Wholesale Price Litig.." (Id. at 7).

In addition, Plaintiff also contends that Defendants Laura Kirsch and Kirsch & Kirsch were implicitly authorized to accept service on behalf of Defendant Salkin. (Id. at 8). Plaintiff reasons, therefore, that the removal period for all Defendants commenced with receipt by Kirsch & Kirsch of the Summons and Complaint pursuant to New Jersey Court Rule 4:4-4(c), and that remand is proper since the removal petition was untimely. (Id.)

On February 19, 2015 a settlement was reached as to Defendant Salkin only. This, however, has no impact on the Court's analysis below. (February 25, 2015 Letter, ECF No. 21).

## III. LEGAL STANDARD – REMOVAL AND REMAND.

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and

this time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).

The party seeking removal bears the burden of demonstrating that removal is proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

## IV. ANALYSIS.

### A. Service under R. 4:4-4(c):

In determining whether a Defendant was properly served before removal, a federal court must apply the law of the state under which the service was made. Giovanni v. Mentor Worldwide, LLC, No. CIV. 12-4435 (JBS) (JS), 2012 WL 5944181, at *3 (D.N.J. Nov. 21, 2012). Plaintiff alleges that Defendants were served with Plaintiff's Complaint and Summons by mail pursuant to New Jersey Court R. 4:4-4(c), which provides:

> Optional Mailed Service. Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in

> response thereto. This prohibition against entry of default shall not apply to mailed service authorized by any other provision of these rules. If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribed by R. 4:4–1 for issuance of the summons shall then begin to run anew.

New Jersey Court R. 4:4-4(c).

"State and federal courts have recognized the R. 4:4–4(c) is an authorized, permissible form of service under New Jersey law and effective for obtaining personal jurisdiction over a defendant who appears, answers or otherwise responds to service." Signs By Tomorrow v. G.W. Engel Company, 2006 U.S. Dist. LEXIS 56456, *11–12, 2006 WL 2224416 (D.N.J. August 1, 2006). Moreover, case law in this District also suggests that optional mail service under this rule is sufficient to trigger a defendant's thirty-day deadline to remove under 28 U.S.C. § 1446(b). MacDonald v. Township of Wall Police Department, No. 11–1598, 2011 U.S. Dist. LEXIS 47905, 2011 WL 1740410 (D.N.J. May 4, 2011); Granovsky, 631 F.Supp.2d at 562; In re Pharm. Indus. Average Wholesale Price Litig., 431 F.Supp.2d 109, 121 (D.Mass.2006).

Although Plaintiff did not mention R: 4:4-4(c) in his initial briefings, (ECF Nos. 3, 7), nor did Plaintiff's September 22, 2014 letter refer to R. 4:4-4(c), Plaintiff now for the first time submits arguments based on the above law regarding R. 4:4-4(c). (ECF No. 9-1 at 7). Specifically, Plaintiff argues service was properly effectuated on September 22, 2014, pursuant to R. 4:4-4(c), and therefore Defendants' removal was untimely. (Id.). Accordingly, the Court must determine whether the Defendants were properly served pursuant to R. 4:4-4(c).

As mentioned above, under the Rule, mailed "service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto ... within 60 days following mailed service." R. 4:4-4(c). As the Defendants have not

answered the Complaint, the Court need only determine whether Defendants have otherwise "appeared" in response to the mailed service within 60 days of such service.

Upon review of the case law, this Court concludes that the filing of a notice of removal is sufficient to constitute an appearance under R 4:4-4(c). See Macdonald v. Twp. of Wall Police Dep't, No. CIV. 11-1598, 2011 WL 1740410, at *1 (D.N.J. May 4, 2011) (finding that filing of a notice of removal evinces defendant actually has notice of the suit and thus constitutes an answer or an appearance for purposes of Rule 4:4–4(c)); see also Giovanni v. Mentor Worldwide, LLC, No. CIV. 12-4435 (JBS) (JS), 2012 WL 5944181, at *4 (D.N.J. Nov. 21, 2012) ("This is sufficient to constitute an appearance under R. 4:4–4(c) because Defendant filed its notice of removal on the state court docket and acknowledged notice and receipt of Plaintiff's complaint and summons"). Accordingly, this Court finds that Defendants Laura Kirsch and Kirsch & Kirsch were properly served by regular mail on September 22, 2014 because their removal petition is equivalent to an appearance, and was filed on October 29, 2014, within 60 days of receiving the Summons and Complaint by mail, as required by R. 4:4-4(c).

Based on the Court's above determination that Defendants Laura Kirsch and Kirsch & Kirsch were effectively served on September 22, 2014, it would appear that removal was untimely under 28 U.S.C. §1446(b) because Defendants did not remove the action until October 29, 2014, which exceeds the 30 day period provided under §1446. Consequently, Plaintiff argues that this procedural defect in Defendants' removal requires the Court to remand the action back to state court. (ECF No. 9-1 at 11). For the reasons that follow, however, this Court finds that removal was in fact timely.

**B. Service on Defendant Salkin:**

Although the Court agrees with Plaintiff that Defendants Laura Kirsch and Kirsch & Kirsch were properly served on September 22, 2014 by regular mail, the Court does not agree with Plaintiff's contention that Defendant Salkin was also effectively served by the September 22, 2014 mailing of the Summons and Complaint to Defendants Laura Kirsch and Kirsch & Kirsch. (Reply to Defendants Opposition, ECF No. 18 at 8). Specifically, Plaintiff contends that "Laura Kirsch and Kirsch & Kirsch were, by law, impliedly authorized to accept service on behalf of Mr. Geller [sic]." (Id.) As such, Plaintiff asserts that the removal period began on September 22, 2014 for all parties, and therefore, the Court must remand the instant action back to state court because the parties failed to file the removal petition within 30 days of September 22, 2014. (Id.)

The Court, however, upon consideration of the facts of this case, concludes that neither Laura Kirsch nor Kirsch & Kirsch were authorized to accept service on behalf of Defendant Salkin.[2] Although a "court can infer an attorney's implied authority from the particular conduct in question and from the particular circumstances in the case," none of the facts of this case leads this Court to find such authority. Mandale v. Des Moines Tria Tower, LLC, No. CIV. A. 08-04888, 2009 WL 2412596, at *3 (E.D. Pa. Aug. 5, 2009).

The September 22, 2014 mailed Summons and Complaint made no mention of Defendant Salkin at all. Instead, it was addressed to Defendant Laura Kirsch and stated in pertinent part,

[2] An "agency appointment" for purposes of service of process usually requires an actual appointment for the specific purpose of receiving process. In dealing with the question of acquiring jurisdiction over a defendant by serving process upon an agent, the nature of the relationship between the defendant and the alleged agent must be taken into consideration. Even a claim by a person receiving service of process that he is an authorized agent to accept service does not, without more, confer authority on that person to act as an agent to receive process; that authority can only come from the principal.
§ 11:46.Service on agent, 3 Cyc. of Federal Proc. § 11:46 (3d ed.).

"[E]nclosed please find a Summons and Complaint. Please let me know if you will accept service on your behalf and/or on behalf of Kirsch & Kirsch." There is no evidence that the September 22, 2014 mailing was intended for Defendant Salkin.

In addition, Plaintiff's argument that "[C]ourts have nearly always found attorneys to be implied agents in circumstances such as this" is not persuasive. (ECF No. 18 at 7). The cases that Plaintiff cites to in his papers are distinguishable upon the facts from the matter before us. For instance, in Reckling v. Okechuku, the Court concluded that the attorney was authorized to accept service on the Appellant's behalf because (1) the attorney expressly consented to accept service on the Appellant's behalf, (2) the attorney acted as the appellant's agent during depositions and settlement negotiations, (3) and the appellant did not raise the assertion that the attorney was not authorized to accept service until after default judgment was entered against him. Reckling v. Okechuku, No. CIV. 07-1699 (GEB), 2007 WL 2473831, at *5 (D.N.J. Aug. 27, 2007).

This Court also finds In re Spirco, Inc., 201 B.R. 744, 751 (Bankr. W.D. Pa. 1996) rev'd, 221 B.R. 361 (W.D. Pa. 1998) aff'd sub nom. Copelin v. Spirco, Inc., 182 F.3d 174 (3d Cir. 1999) inapposite to the present action for several reasons. The Court in In re Spirco reasoned that the attorney was authorized by implication to accept service of a motion on behalf of the defendant because the relief sought in the motion had a direct and highly significant effect on the judgment in the underlying litigation in which the attorney had represented defendant. (Id.). Moreover, this Court also notes that although the Summons and Complaint mailed to the attorney was addressed to the attorney, it also included the defendant's name:

Wayne Copelin

c/o James Chesser, Esq.

1710 Grand Avenue

Nashville, TN 37212

Id. at 750.

As such, unlike the instant case where the mailing made no mention of Defendant Salkin, the above case is distinguishable since the mailing indisputably made for whom it was intended clear.

Finally, Plaintiff relies on United States v. Bosurgi, a Southern District of New York case in which the court decided that the defendants implicitly conferred authority on their attorney to receive process. (ECF No. 18 at 7). In Bosurgi, however, the defendants retained their attorneys for the purpose of asserting a right to a fund, the attainment of which "necessarily required the attorneys to resist the claims to the fund asserted by other parties." 343 F.Supp. at 818. As a result, the Bosurgi court found that, "receipt of process by the attorney in this suit ... was a necessary incident to the attorney's effort to establish [the defendants' claim]." Id. In contrast, however, Plaintiff's allegations provide no basis for an inference that Defendant Salkin conferred authority on Kirsch & Kirsch to receive service.

Furthermore, the case law in this District supports the Court's determination that neither Defendant Laura Kirsch nor Kirsch & Kirsch were authorized to accept service on Defendant Salkin's behalf. In Orlick v. J.D. Carton & Son, Inc., a case with similar facts, the Court explained the following:

> The fact that the same counsel in this case represents both Defendants should not affect the timeliness of Defendant Allied's notice of removal. Assuming that a firm in question represents both or all defendants, and further assuming that a firm in question handled all litigation for both or all defendants nationwide, and still further assuming that the same attorney within a firm handled all matters for both or all clients, the knowledge of counsel should not, as a matter of law, prejudice the later-served defendant when considering the strategic benefits and concerns of removing a case from state court to federal court. Indeed, the assumptions in and of themselves are tenuous, at best.

Orlick v. J.D. Carton & Son, Inc., 144 F. Supp. 2d 337, 343 (D.N.J. 2001).

As such, this Court concludes that the "right to removal is specific to each defendant, not each attorney." Allstate New Jersey Ins. Co. v. Summit Pharmacy, Inc., No. CIV.A. 13-5809 (JBS), 2013 WL 6795207, at *4 (D.N.J. Dec. 19, 2013). Finally, we note that, indeed, Defendants Kirsch & Kirsch no longer represent Defendant Salkin. It could lead to a logical anomaly to assume the Kirsch firm had authority to accept service when, indeed, they have been substituted out this early in the proceedings.

Therefore, by serving Kirsch & Kirsch, Plaintiff did not also properly serve Defendant Salkin in the process. For the reason that this Court finds that Defendant Salkin was not effectively served until he was personally served on September 30, 2014, his removal period did not commence on September 22, 2014, but rather commenced on September 30, 2014.

**C. Last-Served Defendant Rule:**

The "last served defendant" rule permits the last served defendant to remove the entire case within thirty days of service. Bostrom v. New Jersey Div. of Youth & Family Servs., No. CIV. 11-1424 (JBS), 2011 WL 3684817, at *3 (D.N.J. Aug. 22, 2011). Under this rule, other defendants are permitted to consent to the later-served defendant's removal "even if their own removal periods have expired." Di Loreto v. Costigan, 351 Fed. App'x 747, 752 (3d Cir.2009). Along with other circuits, the Third Circuit has reasoned that the later-served rule represents a proper reading of the language of §1446(b). See Delalla v. Hanover Ins., 660 F.3d 180, 188 (3d Cir. 2011) (stating that "an earlier-served defendant should not be precluded from joining in another defendant's notice simply because that defendant elected not to file a notice of removal").

In this case, Defendant Salkin was personally served on September 30, 2014, while as discussed above at length, Defendants Laura Kirsch and Kirsch & Kirsch were served pursuant to R. 4:4-4(c) via regular mail on September 22, 2014. Therefore, Defendant Salkin, being the last

served defendant in the matter, would have had until October 30, 2014 to timely file a notice of removal petition. Defendant Salkin, therefore, met the timeliness requirement under 28 U.S.C. § 1446(b) because he filed the Notice of Removal on October 29, 2014, which was within the 30 day time period to remove.

**D. Rule of Unanimity:**

Moreover, the "rule of unanimity" is clearly satisfied in this matter as well. The Third Circuit has adhered to the "rule of unanimity," thus requiring all defendants to join in the Notice of Removal or otherwise give consent when there is more than one defendant in the case. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). This Court finds that all properly served defendants unanimously joined in the petition for removal within thirty days of service on the later-served Defendant Salkin. Here, the Defendants collectively filed a Notice of Removal. Thus, all Defendants clearly consented to the removal. See Pegasus Blue Star Fund, LLC v. Canton Prods., Inc., No. CIV.A. 08-1533 (HAA), 2009 WL 331413, at *9 (D.N.J. Feb. 10, 2009) (earlier served defendants effectively joined in later-served defendant's petition by collectively filing a Notice of Removal). Moreover, the Notice of Removal, (ECF No. 1), was signed by Daniel E. Kirsch, Esq., the attorney representing all the Defendants at the time.[3] See Allstate New Jersey Ins. Co. v. Summit Pharmacy, Inc., No. CIV.A. 13-5809 (JBS), 2013 WL 6795207, at *4 (D.N.J. Dec. 19, 2013) ("[S]haring counsel with previously-served Defendants does not obviate the new Defendants' right to removal."); see also Orlick v. J.D. Carton & Son, Inc., 144 F.Supp.2d 337, 343 n. 6 (D.N.J. 2001) ("The fact that the same counsel ... represents both Defendants should not

---

[3] The Court notes that the substitution of Harry D. Norton, Jr., Esq. as attorney for Defendant Richard E. Salkin, Esq., did not occur until January 05, 2015. See ECF No. 10.

affect the timeliness of Defendant Allied's notice of removal ... the knowledge of counsel should not, as a matter of law, prejudice the later-served defendant ..."); contrast Uriarte v. Outback Steakhouse, No. CIV.A. 11-897 (JLL), 2011 WL 4020953, at *8 (D.N.J. Sept. 8, 2011) (later-served rule not applicable because attorney signed acknowledgement of service on behalf of Defendants at earlier served date). Accordingly, applying the later-served defendant rule to the facts of this case defeats Plaintiff's motion to remand.

## V. CONCLUSION

Based on the foregoing, the Court finds that Defendant Salkin, with the consent of all Defendants, timely and properly effectuated removal. Defendant Salkin did not receive service until September 30, 2014, and therefore under the "last-served defendant" rule, had thirty days from that date to remove the case to federal court, as he did on October 29, 2014. Moreover, because the remaining defendants consented to Defendant Salkin's removal, all parties were properly removed to this Court, despite the fact that Defendants Laura Kirsch, Esq. and Kirsch & Kirsch LLP's removal period had expired. As such, this Court recommends that Plaintiff's motion to remand be **DENIED**.

3/30/15

JOSEPH A. DICKSON, U.S.M.J.

cc. Honorable Jose L. Linares, U.S.D.J.