<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| STEVEN V. GELBER,<br><br>     Plaintiff,<br><br>v.<br><br>LAURA KIRSCH, ESQ., et al.,<br><br>     Defendants. | Civil Action No. 14-6768 (JLL) (JAD)<br><br>**OPINION** |
|---|---|

**LINARES,** District Judge.

  This matter comes before the Court by way of Plaintiff's motion to remand the matter to state court pursuant to 28 U.S.C. § 1447.  This Court had referred Plaintiff's motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Dickson filed a Report and Recommendation in connection with said application on March 30, 2015.  In particular, Magistrate Judge Dickson recommended that Plaintiff's motion to remand be denied. To date, the Court has received no objections with respect to Magistrate Judge Dickson's March 30, 2015 Report and Recommendation; and the Court will therefore adopt it as the findings of fact and conclusions of law of this Court.[1]  Also before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint.

---

[1] Plaintiff filed a motion to remand the instant action to state court on November 18, 2014.  That motion was referred to Judge Dickson.  Judge Dickson filed his Report and Recommendation on December 17, 2014.  Plaintiff filed objections to the Report and Recommendation on December 31, 2014.  On March 30, 2015, Judge Dickson *sua sponte* reconsidered his Report and Recommendation as he is permitted to do.  *See*, *e.g.*, *Chase Manhattan Bank v. Iridium Africa Corp.*, 294 F. Supp.2d 634, 637 (D.Del. 2003).  No objections were received to the operative Report & Recommendation.

## I. BACKGROUND

The instant action stems from a prior defamation action that the settling Defendant, Richard E. Salkin, brought against Plaintiff, Steven V. Gelber, in state court. Defendants Laura Kirsch, Esq. and Kirsch & Kirsch LLP represented Mr. Salkin, a part-time municipal prosecutor. The defamation action alleged that Mr. Salkin was defamed by statements Mr. Gelber made in a letter in May 2012, claiming that Mr. Salkin "consorted and commiserated with criminals." Mr. Gelber filed a counterclaim in that action, alleging that Mr. Salkin was acting on behalf of the municipality. The defamation action was settled earlier this year, along with the claims in the instant action against Mr. Salkin.

Plaintiff now seeks to amend the Complaint he filed to remove his federal claims against the Kirsch Defendants, and remand the action back to state court. These federal claims are grounded in Plaintiff's allegation that Defendants were acting under color of state law when they filed the defamation action. Plaintiff, however, wishes to withdraw those federal claims without prejudice.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

### III.   DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir.1994).

In the instant case, Plaintiff's Complaint is devoid of any plausible allegations which would establish that Defendants Laura Kirsch, Esq. or Kirsch & Kirsch LLP are persons who acted under color of state law. It is clear that Defendants were not acting under color of state law when they filed and prosecuted Mr. Salkin's claim against Mr. Gelber. The Kirsch Defendants were simply acting as private attorneys representing a client who claimed to have been defamed. Such does not constitute actions under state law. See *United States v. Classic*, 313 U.S. 299, 326

(1941) (An action under color of state law by a defendant requires "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law"); *West v. Atkins*, 487 U.S. 42, 49 (1988) (noting that it is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State, and thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law); *Bradley v. Atlantic City Bd. of Ed.*, 736 F.Supp.2d 891, 895 (D.N.J. 2010) (concluding that a school board official was not acting under color of state law when he and his wife filed a defamation action against the school board official's secretary);   Accordingly, Plaintiff's § 1983 claims must be dismissed for failure to state a claim.

Having dismissed Plaintiff's federal claim as asserted in Count Two of Plaintiff's Complaint, this Court declines to exercise supplemental jurisdiction over the remaining New Jersey state law claims asserted in Counts One, Three, Four, Five, and Six.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience,

4

and fairness to the litigants.'"  *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  *United Mine Workers v. Gibbs*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-1285.  In this case, the Court is dismissing the only claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.     CONCLUSION

The Court hereby adopts Magistrate Judge Dickson's March 30, 2015 Report and Recommendation as the findings of fact and conclusions of law of this Court.  Plaintiff's Motions to Remand are denied.  For the reasons set forth above, Defendants' motion to dismiss is granted.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Plaintiff's Complaint is hereby remanded to the Superior Court of New Jersey, Law Division, Passaic County.  An appropriate Opinion accompanies this Order.


DATED:     May 18, 2015


                                                    s/ Jose L. Linares
                                                    JOSE L. LINARES
                                                    U.S. DISTRICT JUDGE